UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTA CUTRONA,

                              Plaintiff,

     v.                                    Index No.: 24-CV-1087

TIMOTHY HOWARD, JOHN GARCIA, JOHN
GREENAN, WILLIAM J. COOLEY, SANDRA
AMOIA, THOMAS DIINA, MICHAEL
PHILLIPS, and JAMES BALYS,

                              Defendants.
_____

# MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

 

**HODGSON RUSS LLP**
*Attorneys for Defendants*
Ryan K. Cummings
Cheyenne N. Freely
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: 716.856.4000
Email: *ryan_cummings@hodgsonruss.com*
Email: *cfreely@hodgsonruss.com*

**TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ................................................................................................1

POINT I.     PLAINTIFF WAS REQUIRED TO SERVE A NOTICE OF
             CLAIM FOR HER NYSHRL CLAIM AND SHE FAILED TO DO SO ...............2

POINT II.    THE APPLICABLE STATUTE OF LIMITATIONS FOR
             PLAINTIFF'S NYHRL CLAIM IS ONE YEAR AND NINETY DAYS ..............4

POINT III.   PLAINTIFF'S CLAIMS AGAINST DEFENDANTS IN THEIR
             OFFICIAL CAPACITY MUST BE DISMISSED AS DUPLICATIVE
             OF HER CLAIM, AS ASSERTED IN HER AMENDED COMPAINT,
             AGAINST ERIE COUNTY ....................................................................................6

POINT IV.    PLAINTIFF'S § 1983 CLAIM IS BARRED BECAUSE THE SPEECH
             IS NOT PROTECTED AND PLAINTIFF HAS STILL  FAILED TO
             PLEAD A MUNICIPAL CUSTOM OR POLICY ..................................................7

             A.   *Plaintiff's communications were part of her professional
                  responsibilities.* ...............................................................................................7

             B.   *Plaintiff still has not pleaded a municipal policy or custom to
                  support a § 1983 claim* ...................................................................................9

             C.   *The claims as against Defendants in their individual capacities
                  fail.* ................................................................................................................10

## **TABLE OF AUTHORITIES**

PAGE

**Federal Cases**

*Al-Jundi v. Estate of Rockefeller*,
   885 F.2d 1060 (2d Cir. 1989)......................................................................................7

*Arnold v. Town of Camillus, New York*,
   2021 WL 326886 (N.D.N.Y. Feb. 1, 2021) ...........................................................2, 3, 4

*Arnold v. Town of Camillus, New York, et al.*,
   662 F. Supp. 3d 245 (N.D.N.Y. 2023)..................................................................3, 4

*Barton v. Warren Cty., et al.*,
   2020 WL 4569465 (N.D.N.Y. Aug. 7, 2020) .........................................................3, 4

*Cabello-Setlle v. County of Sullivan*,
   2022 WL 4387637 (S.D.N.Y. Sep. 22, 2022).............................................................10

*Colpoys v. Cnty. of Erie*,
   2013 WL 5437635 (W.D.N.Y. Sep. 27, 2013) ........................................................4, 6

*Croci v. Town of Haverstraw*,
   175 F. Supp. 3d 373 (S.D.N.Y. 2016)........................................................................2

*DiJoseph v. Erie County*,
   2020 WL 4194136 (W.D.N.Y. Jul. 21, 2020)............................................................4

*Gaston v. N.Y.C. Dep't of Health Office of Chief Med. Examiner*,
   432 F. Supp. 2d 321 (S.D.N.Y. 2006).........................................................................4

*Guity v. Uniondale Union Free Sch. Dist.*,
   2017 WL 9485647 (E.D.N.Y. Feb. 23, 2017)............................................................10

*Keles v. Yearwood*,
   254 F. Supp. 3d 466 (E.D.N.Y. 2017) ........................................................................2

*Monell v. Dep't of Social Servs.*,
   436 U.S. 658 (1978).............................................................................................1, 7, 9, 10

*Platt v. Inc. Vill. Of Southampton*,
   391 Fed.Appx. 62 (2d Cir. 2010)..................................................................................9

*Raspardo v. Carlone*,
   770 F.3d 97 (2d Cir. 2014)..........................................................................................10

## **TABLE OF AUTHORITIES - cont'd**

                                                                                                                                     PAGE

*Rose v County of Nassau*,
   904 F.Supp.2d 244 (E.D.N.Y. 2012) ....................................................................................7

*Tangreti v. Bachmann*,
   983 F.3d 609 (2d Cir. 2020)................................................................................................10

*Tanner v. Humphries*,
   2019 WL 2232930 (N.D.N.Y. May 23, 2019).....................................................................5

*Waronker v. Hempstead Union Free Sch. Dist.*,
   788 F. App'x 788 (2d Cir. 2019) .........................................................................................9

*Weinbtraub v. Bd. of Ed.*,
   593 F.3d 196 (2d Cir. 2010).................................................................................................9

*Wilson v. County of Cattaraugus*,
   2024 WL 4026203 (W.D.N.Y. Sep. 3, 2024) ....................................................................10

**State Cases**

*Arnold v. Town of Camillus*,
   222 A.D.3d 1372 (4th Dep't 2023).......................................................................................3

*Broton v. County of Onondaga*,
   83 Misc.3d 1285(A), 217 N.Y.S.3d 472 (Onondaga Cty. Aug. 6, 2024) .................................3

*Koerner v. State*,
   62 N.Y.2d 442 (1984) ..........................................................................................................5

*Margerum v. City of Buffalo*,
   24 N.Y.3d 721 (2015) ...............................................................................................1, 2, 3, 4

*Murphy v. Am. Home Prods. Corp.*,
   58 N.Y.2d 293 (1983) ..........................................................................................................5

*Picciano v. Nassau Cty. Civil Serv. Comm'n*,
   290 A.D.2d 164 (2d Dep't 2001).........................................................................................2

*Shelton v New York State Liq. Auth.*,
   61 A.D.3d 1145 (3d Dept 2009) ..........................................................................................6

**State Statutes**

General Municipal Law § 50-e ..................................................................................1, 2, 3

## TABLE OF AUTHORITIES - cont'd

   PAGE

General Municipal Law § 50-i ....................................................................... 1, 2, 4, 5, 6

General Municipal Law § 52-e ............................................................................... 4

N.Y. County Law § 52 ................................................................................ 1, 2, 4, 5

N.Y. Exec. L § 297(1) ........................................................................................... 5

N.Y. Pub. Off. L § 18(2), (4)(a) ............................................................................ 4

N.Y. Executive Law § 297(5) ............................................................................... 5

N.Y. Executive Law § 297(9) ............................................................................ 1, 5

N.Y. Town Law § 67 ..................................................................................... 2, 3, 4

## **PRELIMINARY STATEMENT**

Despite two opportunities, Plaintiff still has not pleaded a viable New York Human Rights Law ("NYHRL") or Section 1983 claim. While Plaintiff derisively claims Defendants ignored the New York Court of Appeals ruling in *Margerum v. City of Buffalo* and cited to inapplicable provisions of New York law, nothing could be further from the truth. The *Margerum* case only held that a notice of claim was not required if the NYHRL claim was only governed by General Municipal Law §§ 50-e and i. Subsequent cases have clarified that the notice of claim requirement is still a condition precedent if the NYHRL claim is governed by another statute, such as County Law § 52. That is the case here and, as Plaintiff admits, she never filed a notice of claim, so her NYHRL claim must be dismissed on this threshold issue.

Moreover, Plaintiff again claims, improperly, that the applicable statute of limitations for a NYHRL claim is three years based on New York Executive Law § 297(9). Plaintiff is simply wrong, the applicable statute of limitations is provided by New York General Municipal Law § 50-i and it is one year and ninety days. Plaintiff's NYHRL claim is time barred.

Finally, while Plaintiff attempted to rectify certain deficiencies in her original Section 1983 claim by deleting certain admissions, she cannot change the fact that the communications at issue "owe[d] their existence to [her] professional responsibilities" and, therefore, are not protected by the First Amendment. Nor has Plaintiff properly pleaded a policy or custom to maintain a Section 1983 claim under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Without an underlying constitutional violation, there can be no individual liability, but even if she got over that hurdle—which she cannot—Plaintiff's Section 1983 claim against the individual defendants fails because she has not pleaded how each individual defendant engaged in the deprivation of her constitutional rights.

# POINT I.
# PLAINTIFF WAS REQUIRED TO SERVE A NOTICE OF CLAIM FOR HER NYSHRL CLAIM AND SHE FAILED TO DO SO

Plaintiff's opposition to Point I in Defendants' initial brief is a reference to *Margerum v. City of Buffalo*, 24 N.Y.3d 721 (2015) for the proposition that a notice of claim is not required for a plaintiff to assert a NYHRL claim against a municipality. *See* Dkt. 18, p. 6 of 18. That decision, as explained in subsequent cases, only applied to notice of claim requirements governed only by General Municipal Law §§ 50-e and i. Where the notice of claim requirements are set forth in other statutes, such as County Law § 52, the notice requirement remains a condition precedent to filing a claim based on NYHRL.

In *Arnold v. Town of Camillus, New York*, 2021 WL 326886 (N.D.N.Y. Feb. 1, 2021), the court was specifically asked to address the impact, if any, of the *Margerum* decision on a plaintiff's requirement to comply with the notice of claim requirements in order to proceed with a NYHRL claim against a municipality. The *Arnold* court noted that *Margerum* was consistent with pre-existing New York law that a notice of claim was not necessary "where General Municipal Law §§ 50-e and 50-i provided the *only* notice of claim criteria." *Id.* at * 4 (quoting *Picciano v. Nassau Cty. Civil Serv. Comm'n*, 290 A.D.2d 164, 170 (2d Dep't 2001)) (emphasis in original).

However, the analysis did not end there when the notice of claim requirement was embodied in another statute. The *Arnold* court held that *Margerum* did not alter the notice of claim requirements under Town Law § 67, which did not apply just to tort claims like General Municipal Law § 50-e and i, but also discrimination claims. *Id.* at * 5 (citing *Keles v. Yearwood*, 254 F. Supp. 3d 466, 472 (E.D.N.Y. 2017) and *Croci v. Town of Haverstraw*, 175 F. Supp. 3d

2

373 (S.D.N.Y. 2016)). As such, the *Arnold* court held that: "as Plaintiff's discrimination and retaliation claims pursuant to the New York State Human Rights Laws fail to comply with Town Law § 67, they are subject to dismissal either by this Court or the Onondaga County Supreme Court." *Id.*[1]

Remarkably, Plaintiff states in her opposition: "Similarly, *Arnold v. Town of Camilus [sic]*, and *Barton v. Warren Cty.*, do not address the potential applicability of *Margerum*." Dkt. 18, p. 6 of 18.[2] Defendants cited *Arnold v. Town of Camillus, New York, et al.*, 662 F. Supp. 3d 245 (N.D.N.Y. 2023)[3] extensively in their initial memorandum. *See* Dkt. 16, pp. 19-21 of 30. In the 2023 federal court *Arnold* decision, the court expressly rejected the plaintiff's argument that General Municipal Law § 50-e "'does not apply to employment discrimination claims brought pursuant to the Human Rights Law as they are not torts' and, therefore the Court should deny Defendants' motion." *Id.* at p. 266. The plaintiff was relying on *Margerum* for that proposition. *See id.* at footnote 3. Contrary to Plaintiff's statement, *Arnold* did address the applicability of *Margerum* and found that in light of Town Law § 67, the notice of claim requirement was still a necessary condition precedent to bringing a NYSHRL claim. *Id.* at 267-68.

In *Broton v. County of Onondaga*, 83 Misc.3d 1285(A), 217 N.Y.S.3d 472 (Onondaga Cty. Aug. 6, 2024), the court addressed the notice of claim requirement for a claim against a

---

[1]  The Fourth department reached the same conclusion when evaluating plaintiff's motion, on remand, for leave to file a late notice of claim. *See Arnold v. Town of Camillus*, 222 A.D.3d 1372, 842-44 (4th Dep't 2023) ("we conclude for the reasons that follow that the [district] court properly determined that Town Law § 67 required that plaintiff serve a notice of claim for her Human Rights Law claims.").

[2]  Plaintiff made the same incorrect statement in her original brief. *See* Dkt. 10, p. 5 of 16.

[3]  The 2023 federal court decision was issued after remand of the state court claims and before the Fourth Department decision referenced in footnote 1. The Fourth Department decision found that the notice of claim requirement was applicable, but granted plaintiff's request for leave to file a late notice of claim. No such request has been made by Plaintiff in this action.

county after *Margerum*. The court held that County Law § 52—like Town Law § 67—was much broader than General Municipal Law § 52-e and, based on the Fourth Department's decision in *Arnold*, still applied to plaintiff's claims even after *Margerum*. *Id.* at * 8-9.

Because Plaintiff admittedly did not serve a notice of claim on the County, her NYHRL claim must be dismissed as a matter of law. *See Gaston v. N.Y.C. Dep't of Health Office of Chief Med. Examiner*, 432 F. Supp. 2d 321, 326 (S.D.N.Y. 2006); *Olsen*, 2008 WL 4838705, at *2.

In the alternative, Plaintiff attempts to argue that no notice of claim was required to be served on the individual defendants, even if one was required to be served on Erie County. But, as explained at length in Defendants' initial brief, when employees of a municipality are sued in their individual capacities, a notice of claim is required where, as here, a public corporation is obligated to indemnify the individuals named in the action. *See Arnold*, 662 F. Supp. 3d at 267; *Olsen*, 2008 WL 4838705, at *4; N.Y. Pub. Off. L § 18(2), (4)(a); *DiJoseph v. Erie County*, 2020 WL 4194136, * 8 (W.D.N.Y. Jul. 21, 2020); *Barton v. Warren Cty., et al.*, 2020 WL 4569465, * (N.D.N.Y. Aug. 7, 2020). The notice of claim was required and Plaintiff failed to satisfy the requirement.

Plaintiff's NYHRL claim should be dismissed as a matter of law against all Defendants.

### POINT II.
### THE APPLICABLE STATUTE OF LIMITATIONS FOR PLAINTIFF'S NYHRL CLAIM IS ONE YEAR AND NINETY DAYS

The statute of limitations to bring a NYSHRL action against a municipality is one-year and ninety-days after the event upon which the claim is based has occurred. *See Colpoys v. Cnty. of Erie*, 2013 WL 5437635, at *3 (W.D.N.Y. Sep. 27, 2013); N.Y. Gen. Mun. L. § 50-i. The one-year and ninety-day limitations period also applies to claims brought against municipal

employees when the employee's alleged misconduct falls within the scope of their employment. *See Tanner v. Humphries*, 2019 WL 2232930, at *2-3 (N.D.N.Y. May 23, 2019). Plaintiff does not address New York General Municipal Law § 50-i or these cases in her opposition.

Rather, Plaintiff relies upon *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293 (1983) and *Koerner v. State*, 62 N.Y.2d 442 (1984). *Murphy* stands for the unremarkable proposition that an unlawful discrimination claim against a private employer is subject to a three-year statute of limitations under CPLR § 214(2), not the one-year period prescribed in Executive Law § 296(5). Similarly, in *Koerner* the court held that a discrimination claim against the State of New York was governed by the three-year statute of limitations in CPLR § 214(2), not the four-month statute of limitations set forth in CPLR § 217. Neither case addresses the applicability of General Municipal Law § 50-i.

Finally, Plaintiff cited to New York Executive Law § 297(9) for the proposition that the applicable statute of limitations is three years. First, the reference to three years is in New York Executive Law § 297(5) ("Any complaint filed pursuant to this section must be so filed within three years after the alleged unlawful discriminatory practice."). Second, that provision is referencing a complaint filed with the New York State Division of Human Rights. *See* N.Y. Exec. L § 297(1). And third, nothing in § 297 modifies the one-year and 90 day statute of limitations set forth in General Municipal Law § 50-i.

New York County Law § 52 states that "[a]ny claim . . . against a county for damage . . . of every name and nature . . . and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by any misfeasance, omission of duty, negligence or wrongful act on the party of the county, its officers, agents, servants or employees,

5

must be made and served in compliance with section fifty-e of the general municipal law." And it requires that "[e]very action upon such a claim be commenced pursuant to the provisions of section fifty-i of the general municipal law." General Municipal Law § 50-i(1)(c) requires that any action be commenced within one year and 90 days of the event giving rise to the claim: "(c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based; except that wrongful death actions shall be commenced within two years after the happening of the death."

As this Court held in *Colpoys*, 2013 WL 5437635 at * 3: "There is no dispute that the statute of limitations governing Colpoys' claim under New York State's Human Rights Law against the County is one year and ninety days." *Id.* at * 3 (citing N.Y. Gen. Mun. Law § 50–i(c)). Plaintiff's counsel in this case, was counsel to the plaintiff in *Coldpoys*.

Plaintiff alleges that she resigned from her position on or about July 15, 2022. Dkt. No. 9 ¶ 164. So, at the very latest, her NYSHRL hostile work environment claim accrued at that time. Using that date, Plaintiff's deadline to file her claim was October 13, 2023. Plaintiff did not file this action until over a year later, on November 8, 2024. *See* Dkt. No. 1. Plaintiff's NYSHRL claim should be dismissed as against all Defendants as untimely.

**POINT III.**
**PLAINTIFF'S CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY MUST BE DISMISSED AS DUPLICATIVE OF HER CLAIM, AS ASSERTED IN HER AMENDED COMPAINT, AGAINST ERIE COUNTY**

It is well accepted that claims will not lie against individual state officials in their official capacity. *See e.g. Shelton v New York State Liq. Auth.*, 61 A.D.3d 1145, 1148 (3d Dept 2009) ("[A] section 1983 claim for damages against a state official can only be asserted against that

official in his or her individual capacity"; section 1983 claims will not lie against state officials in their official capacity or under a respondeat superior theory.") (citing *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989)). Such claims against officers in their official capacity are duplicative of the claims against the County. *See e.g. Rose v County of Nassau*, 904 F.Supp.2d 244, 247 (E.D.N.Y. 2012) ("Since 'it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as 'redundant and an inefficient use of judicial resources.'") (citations omitted).

All official capacity claims against Defendants should be dismissed.

### POINT IV.
### PLAINTIFF'S § 1983 CLAIM IS BARRED BECAUSE THE SPEECH IS NOT PROTECTED AND PLAINTIFF HAS STILL FAILED TO PLEAD A MUNICIPAL CUSTOM OR POLICY

Plaintiff's Section 1983 claim remains fatally defective because: (1) try as she might, the subject communications are based on her professional responsibilities, not those she learned or garnered as a member of the general public, (2) she has not alleged facts to satisfy her *Monell* requirements to pursue the County, and (3) even if she had satisfied the first prong, she has not alleged direct, improper, conduct by each of the individual defendants.

A.   *Plaintiff's communications were part of her professional responsibilities.*

According to the Amended Complaint, the Correctional Health Division within the Erie County Department of Health was created pursuant to an August 26, 2011 Stipulated Order. Dkt. 9, ¶¶ 15-18. And in 2015, Plaintiff was promoted to Director of the Correctional Health Division. *Id.* at ¶ 32. The Director position was a civil service position, so it was posted for applications.

*Id.* at ¶ 33.[4] The DOJ had to approve the relocation of the Correctional Health Division from the Erie County Department of Health to the Erie County Sheriff's Department, Jail Management Division. *Id.* at ¶ 39. Plaintiff provided reports to her superiors that were then submitted to the DOJ. *Id.* at ¶ 44. Plaintiff was responsible for relaying "concerns related to access to medical care and medical safety." *Id.* at ¶ 50. Following an inmate disturbance in May 2021, Plaintiff was contacted by the New York State Commission of Corrections ("SCOC") and asked questions about the disturbance. *Id.* at ¶¶ 71-75. Plaintiff was not contacted as a private citizen, the SCOC reached out to her in her official capacity.

In July 2021, Plaintiff reported to Defendants Balys and Greenan that inmates were reporting constitutional and civil rights violations. *Id.* at ¶¶ 92-96. The conversation allegedly took place in the course of her duties as Director. Then, in October 2021, Plaintiff allegedly reached out to the DOJ attorney who was involved in the litigation leading to the Stipulated Order—and which lead to the creation of the Correctional Health Division that Plaintiff directed—to raise the same concerns that she had previously raised with Defendants. *Id.* at ¶ 101. The DOJ attorney clearly understood that Plaintiff was acting in her official capacity, and not as a concerned citizen, because the attorney refused to speak with Plaintiff without the County Attorney's involvement. *Id.* at ¶ 105. Plaintiff claims she subsequently reached out to the County Attorney, DOJ, Erie County Commissioner of Personnel, and the Erie County Commissioner of Budget to address the reorganization of her position within the Sheriff's Department. *Id.* at ¶ 132.

---

[4]  The July 6, 2016 Erie County Department of Personnel posting for Plaintiff's position is available at *https://www2.erie.gov/employment/index.php?q=exams/director-correctional-health-services* (last accessed March 24, 2025).

Finally, within her Section 1983 claim, Plaintiff alleges that she brought her complaints to the attention of Defendants and only when those efforts were not successful on her eyes did she bring them to the attention of the DOJ and SCOC. *Id.* at ¶¶ 187-188. By Plaintiff's own admission, her job duties included relaying concerns related to inmate medical access and safety to her supervisors so the County could be in compliance with the Stipulated Order. The speech at issue all relates to inmate medical access and safety and, as such, was part of Plaintiff's job duties, not concerns she might have as a private citizen. Indeed, Plaintiff's contact with the SCOC was initiated by the SCOC to Plaintiff in her capacity as Director.

Like the school superintendent in *Waronker v. Hempstead Union Free Sch. Dist.*, 788 F. App'x 788, 792 (2d Cir. 2019), the school employee in *Weinbtraub v. Bd. of Ed.*, 593 F.3d 196 (2d Cir. 2010), and the police officer in *Platt v. Inc. Vill. Of Southampton*, 391 Fed.Appx. 62 (2d Cir. 2010) ("We cannot say that a police officer speaking to a public official about his concerns over public safety issues is speaking in his capacity as a citizen, as opposed to his capacity as a police officer"), Plaintiff's speech is not protected by the First Amendment because she was speaking in her official capacity. Plaintiff's Section 1983 claim should be dismissed against all Defendants on this threshold basis.

**B.    *Plaintiff still has not pleaded a municipal policy or custom to support a § 1983 claim***

The claims against Erie County must be dismissed because Plaintiff has not alleged the required municipal policy of custom to sustain a *Monell* claim. Plaintiff has alleged, in conclusory fashion, that Sheriff Howard and Sheriff Garcia were in policymaking positions, but she never identifies what policy they allegedly created that resulted in her resignation. Plaintiff does not allege that either Sheriff Howard nor Sheriff Garcia individually undertook any action

9

specifically regarding her speech or employment. Such bald allegations are insufficient to sustain a *Monell* claim. *See Wilson v. County of Cattaraugus*, 2024 WL 4026203, * 6-7 (W.D.N.Y. Sep. 3, 2024), and *Cabello-Setlle v. County of Sullivan*, 2022 WL 4387637, * 6 (S.D.N.Y. Sep. 22, 2022). Plaintiff's claim against the County and the defendants in their Official Capacity, must be dismissed.

**C.**     ***The claims as against Defendants in their individual capacities fail.***

Without an underlying constitutional violation, there is no individual liability against any Defendant. *See Guity v. Uniondale Union Free Sch. Dist.*, 2017 WL 9485647, at *31 (E.D.N.Y. Feb. 23, 2017). But even if there was, Plaintiff's Amended Complaint remains deficient to sustain an individual liability claim against Defendants because she has not alleged how they each, personally, violated her constitutional rights. *See Raspardo v. Carlone*, 770 F.3d 97, 115 (2d Cir. 2014) ("If a defendant has not *personally* violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant.") (emphasis in original). Plaintiff does not allege facts regarding Sheriff Howard or Sheriff Garcia personally violating her alleged First Amendment rights, rather she alleges that engaged in a supervisory role. But there is no supervisory liability under Section 1983. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Similarly, Plaintiff does not allege personal interactions with Phillips or Cooley whereby they allegedly violated her First Amendment rights.

As such, Plaintiff's Section 1983 claim should be dismissed for this additional, independent, reason.

## CONCLUSION

Plaintiff's Amended Complaint should be dismissed in its entirety.

Dated: March 24, 2025

                                                **HODGSON RUSS LLP**
*Attorneys for Defendants*

By: /S/*Ryan K. Cummings*
      Ryan K. Cummings
      Cheyenne N. Freely
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: 716.856.4000
Email: *ryan_cummings@hodgsonruss.com*
Email: *cfreely@hodgsonruss.com*

66543970v1